IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VICTOR C. FOURSTAR,<br><br>　　　　Petitioner,<br><br>vs.<br><br>MISSOULA COUNTY SHERIFF JEREMIAH PETERSON,<br><br>　　　　Respondent. | Cause No. CV 25-141-M-DWM<br><br><br><br>ORDER |

Petitioner Victor C. Fourstar ("Fourstar"), a pretrial detainee incarcerated at the Missoula County Detention Facility, filed an amended petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 and an affidavit in support. *See* (Docs. 4 & 4-1.)

Fourstar also seeks leave of the Court to proceed in forma pauperis. (Doc. 5.) His inmate account statement shows he is unable to pay costs associated with this matter. The motion will be granted.

Fourstar indicates that he previously pled "no contest" to misdemeanor theft charges is Missoula Municipal Court and received a net 6-month suspended sentence. (Doc. 4 at 3.) Apparently, he was then charged in a Missoula County District Court case, Cause No. DC 25-134, with felony attempted burglary. (*Id.* at 4.) Fourstar indicates that he was so intoxicated when the underlying conduct

1

occurred that he does not recall committing any offense. He is currently being represented by the Office of the State Public Defender but contends that he is being denied effective assistance of counsel and seems to claim he is being forced to proceed into a treatment court diversionary program. (*Id.*) He suggests this approach is denying him access to the courts. (*Id.* at 5.) Fourstar believes he is wrongfully being denied pre-trial release. (*Id.* at 5-6.) Fourstar challenges: the denial of effective counsel, the threat of a sentencing enhancement/requirement to register as a sex offender, harassment, unreasonable search and seizure, and denial of due process and equal protection in his pending criminal proceedings. (*Id.* at 6.)

Fourstar also believes he was wrongfully coerced and convicted in juvenile and tribal proceedings which occurred between 1987 and 1992. (*Id.* at 7); *see also*, (Doc. 4-1.)

Fourstar asks this Court to order his immediate release pending further proceedings and/or placement in a substance abuse treatment facility. (Doc. 4 at 8.) He also requests injunctive relief preventing tribal and federal authorities from either forcing him to register as a sex offender or prosecute him as a persistent felony offender/career offender. (*Id.*) He believes this Court should declare his prior sentences and present charges to be unconstitutional and asks that he be credited for any time spent in treatment or on pretrial release. (*Id.*)

Fourstar is advised that any challenges to the validity of his convictions from 1987 to 1992, are improper as they are filed well outside the applicable statute of limitations. *See*, 28 U.S.C. §2244.

Although Fourstar filed this action pursuant to 28 U.S.C. § 2254, he is a pretrial detainee attacking the validity of his custody status. Section 2254 applies to prisoners who are in custody pursuant to a state court conviction. *White v. Lambert*, 379 F. 3d 1002, 1009-10 (9th Cir. 2004). 28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White*, 370 F. 3d at 1006). Section 2241 sets out the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006.

"District Courts are authorized by 28 U.S.C. §2241 to consider petitions for habeas corpus." *Castro-Cortez v. INS*, 239 F. 3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Bargas v. Gonzales*, 548 U.S. 30 (2006). "That section does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Id.*; *see also Liang v. Ashcroft*, 370 F. 3d 994, 1000-1001 (9th Cir. 1994). The principles of federalism and comity,

3

however, require that this Court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F. 2d 82, 83-4 & n.1 (9th Cir.), *cert. denied,* 449 U.S. 1014 (1980); *see also, Younger v. Harris*, 401 U.S. 37, 43-54 (1971); *Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971)(under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

On the face of his petition, Fourstar acknowledges that he has not yet been convicted or sentenced in Montana's Fourth Judicial District Court and that his state criminal proceedings are presently ongoing. Confusingly, Fourstar seems to indicate that he has filed a petition for postconviction relief and a state habeas petition, (*see* Doc. 4 at 3-4), but also indicates that he has been unable to file any state collateral challenges because the treatment "team" approach is preventing him from accessing the courts. (*Id.* at 4.) The Montana Supreme Court docket does not reveal any recent filings from Fourstar.[1] Thus, to the extent that Fourstar presents cognizable federal claims, such claims are presently unexhausted.

---

[1] *See*, Montana Supreme Court Docket: https://supremecourtdocket.mt.gov/ (accessed October 21, 2025).

4

Moreover, the exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *Carden*, 626 F. 2d at 84. Fourstar's dissatisfaction with the nature of his state proceedings, and his opinion of counsel's performance, are not the type of unusual circumstances that might justify an exception to *Younger* abstention. Fourstar may attempt to obtain the relief he seeks via his pending state court proceedings or on direct appeal therefrom.

Fourstar has not exhausted his state court remedies, and his situation does not involve an adequately "unusual" circumstance. His petition will be dismissed without prejudice.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The claims Fourstar attempts to present are unexhausted and do not meet the "unusual circumstances" exception to abstention. Accordingly, reasonable jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Fourstar's Amended Petition (Doc. 4) is DISMISSED without prejudice as unexhausted.

2. Fourstar's Motion to Proceed in Forma Pauperis (Doc. 5) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 24th day of October, 2025.

Donald W. Molloy, District Judge
United States District Court

6