IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| VICTOR C. FOURSTAR, | Cause No. CV 25-141-M-DWM |
| Petitioner, | |
| vs. | |
| MISSOULA COUNTY SHERIFF JEREMIAH PETERSON, | ORDER |
| Respondent. | |

Petitioner Victor C. Fourstar ("Fourstar"), a pretrial detainee incarcerated at the Missoula County Detention Facility, filed an amended petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 and an affidavit in support. *See* (Docs. 4 & 4-1.)

Because Fourstar was a pretrial detainee at the time of filing, his petition was construed as a request for relief under 28 U.S.C. §2241. Fourstar was informed that to the extent he stated cognizable claims, the claims were unexhausted. Moreover, because Fourstar failed to present special circumstances, abstention was appropriate pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). *See generally*, (Doc. 6.) The dismissal order was mailed to Fourstar at the Missoula County Detention Center on October 24, 2025.

Fourstar filed a motion seeking to reopen this matter. (Doc. 8.) He explained that on November 24, 2025, he was released from custody. Following

1

his release, Fourstar's backpack which contained all of his legal documents was stolen. (*Id*. at 1.) He subsequently experienced health issues which necessitated is hospitalization. Fourstar is presently back in custody of the Missoula County Detention Center following a new criminal charge of Sexual Intercourse without Consent. (*Id*. at 2.) Based upon these factors he asked that this matter be reopened and that he be allowed to respond to any pleadings. (*Id*.)

It was explained to Fourstar that there were no issues pending prior to entry of the dismissal judgment in October, thus, there was nothing to which Fourstar needed to respond. Moreover, Fourstar was provided an opportunity to amend his petition prior to dismissal. There being no factual or legal reason to reopen the matter, Fourstar's motion was denied. (Doc. 9.)

Fourstar now seeks a motion for a certificate of appealability. (Doc. 10.) Relative to his underlying petition, it was determined that because Fourstar's claims were unexhausted, reasonable jurists would find no reason to encourage further proceedings and a certificate of appealability was denied. (Doc. 6 at 6.)

It is noted that Fourstar is seeking to challenge his present confinement and has filed an action that is presently pending before the Court, *Fourstar v. State of Montana et al*., Cause No. CV-26-18-M-DLC, Pet. (filed Jan. 21, 2026).

To the extent that Fourstar's motion to reopen could be construed as a request for relief from judgment pursuant to Fed. Rule Civ. Pro. Rule 60(b), it

appears Fourstar now attempts to argue that he should have been issued a certificate of appealability so that he could appeal the denial of his motion to reopen.

Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

In his motion to reopen, Fourstar did not show that any of the provisions of Rule 60(b)(1)-(5) were satisfied, nor did he demonstrate that "extraordinary circumstances" existed to justify relief from the judgment under Rule 60(b)(6). *See Foley v. Biter*, 793 F. 3d 998, 1002 (9th Cir. 2015)(stating that Rule 60(b) is applied "sparingly," and that "[a] party is entitled to relief under Rule 60(b)(6) where 'extraordinary circumstances prevented him from taking timely action to prevent or correct an erroneous judgment'")(*quoting Hamilton v. Newland*, 374 F. 3d 822, 825 (9th Cir. 2004). As explained in the order denying Fourstar's motion

to reopen, his allegations did not present any basis suggesting that the judgment entered in this matter was invalid or incorrect.

Relative to his present filing, Fourstar is entitled to a certificate of appealability only if he shows "that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underling [habeas corpus petition] states a valid claim of the denial of a constitutional right." *United States v. Winkles,* 795 F. 3d 1134, 1142-43 (9th Cir. 2015)(holding that a COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment).

Here Fourstar has not demonstrated that he is entitled to a certificate of appealability in connection with either the order dismissing his underlying petition or the present order denying his request to a certificate of appealability relative to his request to the relief from judgment/ motion to reopen.

Accordingly, IT IS HEREBY ORDERED that Fourstar's motion for a certificate of appealability (Doc. 10) is DENIED.

DATED this 3rd day of February, 2026.

_____
Donald W. Molloy, District Judge
United States District Court